953 F.2d 646
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
LUI MANAGEMENT, INC., Plaintiff-Appellant,
v.
SOUTHEASTERN INSURANCE SERVICES, INC., a Florida
corporation, d/b/a National Underwriters,
Defendant-Appellee.
 No. 91-1625.
 United States Court of Appeals, Seventh Circuit.
 Jan. 22, 1992.
 
 1
 Before COFFEY, and EASTERBROOK, Circuit Judges, and CRABB, Chief District Judge.
 
 
 2
 This appeal raises one issue: whether National Underwriters-Illinois, Inc. is an indispensable party action whose absence warrants dismissal of this diversity action brought by LUI Management Co. against Southeastern Insurance Services, Inc. The district judge thought the answer was "yes"; our own review leads to the opposite conclusion.
 
 
 3
 The relevant facts of the case are undisputed for the purposes of deciding the question of indispensability. LUI is an Illinois corporation; Southeastern Insurance Services, Inc., d/b/a National Underwriters, is a Florida corporation; and National Underwriters-Illinois, Inc., is an Illinois corporation. (For convenience, we will refer to the two as Southeastern and National-Illinois). About June 1, 1988, LUI, Southeastern and National-Illinois entered into an oral agreement under which Southeastern brokered automobile physical damage insurance for LUI in Florida and National-Illinois brokered the same kind of insurance for LUI in Illinois. The parties had some fallings out. On October 1, 1989, LUI and Southeastern entered into a brokerage agreement to modify and clarify their arrangement. The new agreement was not a success. On May 30, 1990, LUI sent Southeastern a draft of the complaint it filed in this action, threatening to file it if Southeastern failed to provide a plan for reconciling its accounts with LUI. Meanwhile, Southeastern and National-Illinois entered into negotiations with a third party to replace their market for insurance. The third party made requests of LUI for information about National-Illinois and Southeastern and allegedly LUI made disparaging remarks about the two companies.
 
 
 4
 On June 7, 1990, Southeastern and National-Illinois filed a complaint against LUI in state court in New Jersey, alleging breach of contract, defamation and tortious interference with prospective advantage. On June 13, 1990, LUI filed this action against Southeastern, d/b/a National Underwriters, in the Northern District of Illinois, alleging breach of the modification agreement, and asserting diversity jurisdiction. LUI made no allegations against National-Illinois and sought no relief from it.
 
 
 5
 Southeastern moved to dismiss the federal court action for lack of personal and subject matter jurisdiction. Alternatively, it moved to stay or dismiss in favor of the case pending in New Jersey. At oral argument, the district court attempted to clarify the relation between Southeastern and National Underwriters, and deferred ruling on the motion to stay or dismiss until it could determine the real parties in interest. Thereafter, Southeastern moved to dismiss under Fed.R.Civ.P. 12(b)(7), contending that National-Illinois was an indispensable party because complete relief could not be rendered in its absence; that National-Illinois was a party to the contract with LUI and its absence would impair National-Illinois's ability to protect its interests or would expose other parties to a risk of multiple or inconsistent obligations; that the case could not proceed if National-Illinois were added because its joinder would destroy diversity; and that the case should not go forward without National-Illinois.
 
 
 6
 The district court granted the motion, although it confessed itself at a loss to know exactly what potential liabilities may have been created by the agreements entered into by LUI, Southeastern and National-Illinois. The district court made no finding that National-Union's absence would impair its ability to protect its interests or that it would be exposed to a risk of inconsistent obligations, but concluded nevertheless that a judgment against Southeastern "could have an adverse effect on National-Illinois if the judgment went unsatisfied." LUI Management, Inc. v. Southeastern Insurance Services, Inc., slip op. at 7 (N.D.Ill. Feb. 21, 1991).
 
 DISCUSSION
 
 7
 Fed.R.Civ.P. 19 requires a two-step analysis in determining whether to dismiss for the absence of an indispensable party. The first step is deciding whether the party is one that should be joined. Rule 19(a). The second step is deciding whether the court can proceed "in equity and good conscience" in the absence of that party. Rule 19(b). We think the district judge need not have reached the second step because Southeastern failed to show that National-Union should have been joined as a party.
 
 
 8
 As a general rule, "the joinder of [joint obligors to a contract] is left to plaintiff's discretion ... and he may select defendants without being concerned about dismissal because of nonjoinder." 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Fed.Practice & Procedure, § 1613 at 182-83 (2d ed. 1986). Thus, even if the federal action involves the contract that both Southeastern and National-Illinois entered into with LUI, LUI is free to sue just one of the obligors in the absence of a showing that National-Union's interest in the subject matter of the action is so substantial as to require its joinder. Id. There is no such showing here. LUI asserts no claims against National-Illinois in the federal court action. It seeks relief only against Southeastern and only for an accounting and the outstanding premiums and cancellation fees owed.
 
 
 9
 Southeastern has not explained why complete relief could not be rendered on the federal complaint without National-Illinois, or why the federal proceeding might impair National-Illinois's ability to protect its interests. Southeastern and National-Illinois are separate corporations; there is no indication that a judgment against Southeastern would make National-Illinois liable to LUI in any respect. Southeastern has not pointed to any provision of New Jersey law that would permit the use in state court of a federal judgment against a party that had not been party to the federal action. Indeed, Southeastern can point to no practical effect that a federal court judgment might have on National-Illinois.
 
 
 10
 Therefore, this case will be remanded for the purpose of vacating the judgment and reopening the case. On remand, the court can explore the wisdom of staying the case in federal court pending resolution of the New Jersey proceedings. We express no opinion on that question.
 
 
 11
 REVERSED and REMANDED.